IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIE DIVISION

| | |
|---|---|
| ANETAEUS SPENCER, | 1:23-CV-00115-RAL |
| Petitioner | RICHARD A. LANZILLO<br>Chief United States Magistrate Judge |
| v. | MEMORANDUM OPINION ON<br>PETITION FOR WRIT OF HABEAS |
| WARDEN HUTCHINSON, et al, | CORPUS |
| Respondents | ECF No. 1 |

I. Introduction

Pending before the Court is the petition for a writ of habeas corpus filed by Petitioner Anetaeus Spencer ("Petitioner") pursuant to 28 U.S.C. § 2241. ECF No. 1. In his petition, Spencer asks the Court to order the Federal Bureau of Prisons (BOP) to reduce his sentence by applying the earned time credits (ETC) that he has earned pursuant to the First Step Act (FSA). *Id.* For the reasons set forth below, Spencer's petition will be denied.[1]

II. Factual background

Petitioner, an inmate incarcerated at FCI McKean, is currently serving a 140-month prison sentence stemming from his conviction on drug and firearms charges. ECF No. 13-1. Assuming he receives all Good Conduct Time available to him under 18 U.S.C. § 3624(b), Petitioner's projected release date is November 13, 2025. *Id.*

---

[1] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge to conduct all proceedings in this case, including the entry of final judgment, as authorized by 28 U.S.C. § 636.

Since October 7, 2019, the BOP has assessed Petitioner on at least ten occasions to determine whether he is eligible to have his ETCs applied to his sentence. ECF No. 13-5. On each occasion, the BOP determined that Petitioner had a high risk of recidivism. *Id.* Because of his high risk of recidivism, the BOP determined that Petitioner's credits could not be applied to his sentence until he has earned a low or minimum recidivism risk. *See* ECF No. 13-4.

III.     Analysis

Under the FSA, an eligible inmate "who successfully completes evidence-based recidivism reduction programming or productive activities" can earn "time credits" that can be "applied toward time in prerelease custody or supervised release." 18 U.S.C. § 3632(d)(4). The BOP uses a "Risk and Needs Assessment System" to determine, among other things, an inmate's recidivism risk. 18 U.S.C. § 3632; *Hill v. Bradley*, 2023 WL 3480886, at *1 (M.D. Pa. May 16, 2023). The FSA permits eligible inmates to earn ten days of time credits for every thirty days of successful program participation and an additional five days of time credit every thirty days if the BOP determines that the inmate is at a minimum or low risk of recidivism and has not increased his recidivism risk over two consecutive assessments. 18 U.S.C. §§ 3632(d)(4)(A)(i) and (ii).

Notably, however, placement in prerelease custody requires that the inmate has been deemed "a minimum or low risk recidivate pursuant to the last 2 reassessments of the prisoner." *Id.* § 3624(g)(1)(D)(i). Similarly, an inmate cannot receive an early transfer to supervised release unless he is determined "to be a minimum or low risk recidivate pursuant to the last reassessment of the prisoner." *Id.* § 3624(g)(1)(D)(ii). As a result, while an eligible inmate can accrue ETCs despite having a high recidivism risk, those credits "cannot be applied until the inmate has earned a low or minimum recidivism risk." *Navarro v. Barraza*, 2023 WL 3483235, at *3 (M.D. Pa. May 16, 2023). *See also Camara v. Warden, FCI-Allenwood*, 2023 WL 4867417, at *2 (M.D. Pa. July

31, 2023) (explaining that "[t]he clear language of 18 U.S.C. § 3624(g) precludes application of time credits until [the petitioner] has lowered his recidivism risk level" to minimum or low); *Hill*, 2023 WL 5352313, at *4 (same).

Here, the record reflects that the BOP has categorized Petitioner as having a high recidivism risk level at each of his many assessments. While Petitioner may be eligible to earn time credits, Congress has explicitly instructed that those credits cannot be applied until he has "shown through the periodic risk reassessments a demonstrated recidivism risk reduction or has maintained a minimum or low recidivism risk, during the prisoner's term of imprisonment." 18 U.S.C. § 3624(g)(1)(B). *See also Hill*, 2023 WL 5352313, at *4 ("Hill's current recidivism risk level is high. Hill will not be eligible for application of FSA time credits until, among other requirements, his risk level is reduced to minimum or low.") (internal citation omitted); *Rossi v. Barraza*, 2023 WL 5352313, at *4 (M.D. Pa. Aug. 21, 2023) (same). Accordingly, his habeas petition must be denied.

IV.    Conclusion

For the foregoing reasons, Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2241 is denied.[2] An appropriate order will follow.

DATED this 11th day of March, 2025.

BY THE COURT:

RICHARD A. LANZILLO
Chief United States Magistrate Judge

---

[2] Because "[f]ederal prisoner appeals from the denial of a habeas corpus proceeding are not governed by the certificate of appealability requirement," the Court need not make a certificate of appealability determination in this matter. *Williams v. McKean*, 2019 WL 1118057, at *5 n. 6 (W.D. Pa. Mar. 11, 2019) (citing *United States v. Cepero*, 224 F.3d 256, 264-65 (3d Cir. 2000), abrogated on other grounds by *Gonzalez v. Thaler*, 565 U.S. 134 (2012)); 28 U.S.C. § 2253(c)(1)(B).